Louis Kondrath, Appellee, v. City of Chicago, Appellant.

Gen. No. 40,393.

Opinion filed March 29, 1939.

BARNET HODES, Corporation Counsel, for appellant; ALEXANDER J. RESA, L. LOUIS KARTON and ADAM E. PATTERSON, Assistant Corporation Counsel, of counsel.

JAMES H. TURNER and LLOYD T. BAILEY, both of Chicago, for appellee; JOSEPH W. BAILEY and J. THEO. KIGGINS, both of Chicago, of counsel.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

A judgment was entered in the superior court in favor of plaintiff for the sum of $7,500 and against defendant city of Chicago. The suit was one for personal injuries sustained by plaintiff while walking in the dark through a platted street at or near South Aber-

deen and West 108th streets at a point where the streets would intersect, if the streets had been completely finished.

The injury to plaintiff occurred about one o'clock on the morning of June 19, 1936, when plaintiff stepped into a certain uncovered sewer manhole, thereby sustaining the injuries of which he complains. The cause was tried before a court and jury.

No point is raised on the pleadings.

Plaintiff's theory of the case is that he sustained the injuries complained of solely through the negligence of the defendant in permitting a certain sewer manhole at the intersection of South Aberdeen and 108th streets to be and remain uncovered and in a dangerous condition for a long space of time prior to the happening of the accident.

Defendant's theory of the case is:

First, that the city is not liable for the injuries sustained by the plaintiff in stepping into a sewer manhole out in an open prairie at or near the hypothetical intersection of two streets which were not extended or improved, nor open to public use or travel; that the extent of the use made of the so-called path leading to and from the baseball diamonds and the wooded picnic grounds was not at the instance of the city of Chicago, but was by the invitation or permission of the owners of the private property in that particular area with which the city of Chicago could not interfere;

Secondly, assuming that the city may be liable, the plaintiff was guilty of gross negligence in going into a prairie studded with high weeds, tall grass and shrubbery about 1:00 o'clock on a dark night without any kind of light; and

Thirdly, that the city is not guilty of a violation or neglect of any duty in failing to keep an imaginary street in a reasonably safe condition for public travel, and that where there is no breach of a local duty there

can be no negligence as charged in plaintiff's complaint.

The photographs and maps referred to as exhibits, do not appear in the abstract, nor are they in the record.

Both parties to this controversy in referring to the place where the accident occurred, use the terms "hypothetical" or "imaginary" streets. The evidence shows that these streets, so-called were in contemplation or process of development. They had been platted and the city had accepted the platting and, as evidence of their ownership, had taken possession of them and had improved them to the extent of putting in a sewer. It is true the city had not as yet erected street signs, nor had they put in sidewalks, pavement, curbing or gutters or other improvements which comprise a completely finished street. However, there is no doubt that the one improvement which it did install was not so guarded by the city as to prevent the improvement from becoming a menace to persons walking over that portion of the street where the manhole was located, and part of the sewer. The street was in use by the public and was much traveled by persons walking to and from the playground and athletic fields close thereto. It was not the lack of other improvements which caused or contributed to the accident, but the failure of the city to properly maintain the improvement which they had already installed, to wit, the sewer.

It is contended on behalf of the city that plaintiff was guilty of contributory negligence in having crossed the street where the accident occurred at night without having carried a light. Be that as it may, we think the evidence sufficiently establishes that he had a right to go on this street, and whether or not he should have carried a light with him and his failure to have one would be contributory negligence, was a question of

fact for the jury. We believe under all the circumstances the jury was justified in finding that plaintiff's failure to have a light was not the proximate cause of the accident. Whether or not plaintiff was guilty of contributory negligence was a matter, under the law, for the jury to determine and we think the jury was justified in their decision. The injuries were severe and permanent and the amount of the judgment was not excessive.

For the reasons herein given the judgment of the superior court is affirmed.

*Judgment affirmed.*

HEBEL, J., concurs, and BURKE, J., takes no part.